IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JARRELL D. CURNE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-cv-00270-DGK |
| LIBERTY MUTUAL INSURANCE COMPANY & OSCAR P. ESPINOZA, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER GRANTING STAY AND EXTENDING TIME FOR DEFENDANT TO RESPOND TO MOTION TO DISMISS

This lawsuit concerns pro se Plaintiff Jarrell D. Curne allegations that Defendants Liberty Mutual Insurance Company and Oscar P. Espinoza harassed and intentional inflicted emotional distress on him by mailing notices to his mother's address instead of his address.

Now before the Court are Defendants' motion for a stay, ECF No. 11, Plaintiff's multiple motions for default and default judgment, ECF Nos. 5–6 & 19, and what the Court construes as motions to update his address, ECF Nos. 17–18. The motion for a stay is GRANTED. Plaintiff's various motions are all DENIED, for the reasons stated below.

**Background**

Plaintiff originally filed suit in the Circuit Court of Jackson County, Missouri, seeking an emergency order preventing Defendants from continuing to mail paperwork to his mother's house. (Apparently, the paperwork is related to an automobile accident that occurred in July 2020.) Plaintiff alleges Defendants sending the mail to his mother's house is intentional harassment and causes him emotional distress. Plaintiff contends that despite contacting Defendants to update his address to his current residence, Defendants continue to send mail to his mother's house.

Defendants' timely removed to this Court under its diversity jurisdiction on April 26, 2021. Two days later, Plaintiff filed a motion for an entry of default and a motion for default judgment against Defendants. ECF Nos. 5–6.

Defendants filed motions to dismiss, ECF No. 8, and to stay the case pending that motion's resolution, ECF No. 11. Plaintiff opposes both motions on the grounds Defendants mailed him copies of the motions to him at the wrong address. ECF Nos. 15–16. Plaintiff also submitted a second motion for default judgment, ECF No. 19, two motions to update his address, ECF Nos. 17–18, and six notices of filing alleging racism, prejudice, and false imprisonment against Defendants, Defendants' counsel, and officers of the Court, ECF Nos. 20–25. Defendants have now notified the Court that it resent various filings to the address identified in Plaintiff's motions. Notice of Service, ECF No. 26.

## I. Defendants' motion to stay is GRANTED.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983) (holding a district court has the "inherent power" to stay litigation "to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it"). A stay should be entered only where it is a proper exercise of the court's discretion, *Rhines v. Weber*, 544 U.S. 269, 276 (2005), and the proponent of the stay bears the burden of establishing the need for a stay. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

Defendants argue a stay is warranted because their pending motion to dismiss will dispose of this case, and continuing litigation while the motion is pending will waste scarce judicial resources.

The Court has reviewed Defendants' motion to dismiss and agrees it is potentially dispositive. Moreover, the sheer volume of filings made by Plaintiff in the three weeks this case has been pending demonstrates the need for a stay as a way to stem the overwhelming flow of incoming motions and notices. Thus, this case is STAYED pending the resolution of the motion to dismiss.

## II. Plaintiff's motions for entry of default and default judgment are DENIED.

Plaintiff seeks a default judgment against Defendants under Federal Rule of Civil Procedure 55. Rule 55 applies only when "a party against whom a judgment for affirmative relief is sought has failed plead or otherwise defend . . . ." That is clearly not the case here.

First, the process of moving a state court case to a federal court is called "removal." *See* 28 U.S.C. § 1441. Removal is proper when all parties to a case are diverse, that is, each party is a citizen of a different state and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Here, Plaintiff identifies as a citizen of Missouri on a number of occasions, despite claiming a Kansas mailing address. First, every filing includes a Missouri address, seemingly indicating his domicile, and when a Kansas address is included, it is specifically identified as his "mailing address." *See, e.g.*, ECF No. 1-1 at 6, ECF No. 5 at 1. Second, the police report for the car accident that initiated this lawsuit identifies Plaintiff's address as being in Missouri. ECF. No. 1-1 at 14. Third, the address identified by Plaintiff as his own in his pending motions is a Missouri address. Defendant Espinoza is a resident of Kansas, and Defendant Liberty Mutual is a corporation

3

incorporated in and with its principal place of business in Massachusetts. Defendant is seeking damages in excess of $75,000. Therefore, removal was proper.

Second, under 28 U.S.C. § 1446, a defendant seeking removal has thirty days after receipt of the service of the summons. Here, Plaintiff served Defendants[1] on April 12, 2021, giving them until May 12, 2021, to remove. It is undisputed that Defendants removed the case on April 26, 2021, well within the established time period. Thus, Defendants are not in default under Rule 55, and Plaintiff's motions are DENIED.

### III.     Plaintiff's motions to update his address are DENIED AS MOOT.

Plaintiff has four filings related to his desire to update his address. ECF Nos. 15–18. Plaintiff's concern seems to be that Defendants have been sending documents to him at "14914 Pine View Drive," but his address is actually "149*19* Pine View Drive." While a motion to update his address is not a motion the Court can consider—especially since Plaintiff has been improperly using various civil procedure rules to support his point—as a courtesy, the Court will send a copy of all misaddressed mailings to Plaintiff at the correct address of 14919 Pine View Drive. The Court also notes that no actual harm has been done, as the Record clearly reflects Plaintiff had actual notice of the filings. Defendants have also corrected their mistake and resent Plaintiff all their filings. Notice of Service, ECF No. 26 (identifying nine documents resent to Plaintiff). Thus, Plaintiff's motions, even if they were proper, are now moot.

The Court notes that, at the present time, the content of Plaintiff's opposition to Defendants' motion to dismiss consists solely of Plaintiff's complaint that Defendants served a copy of the motion on him at the wrong address. To prevent any prejudice against Plaintiff from the inaccurate mailing address and to ensure this case is resolved on the merits, the Court will, on

---

[1] It is not clear whether Plaintiff ever properly served Defendant Espinoza, but the Court will leave that matter for another time as it is not relevant to the denial of default judgment.

4

its own motion, extend the deadline for Plaintiff to respond to the motion so that he may address the substance of Defendants' motion.

The new briefing schedule on the motion to dismiss is as follows:

Plaintiff's response to the motion to dismiss is due on or before June 4, 2021.

Defendants' reply is due on or before June 18, 2021.

Because this matter is currently stayed, **no other filings will be accepted.**

## Conclusion

This case is STAYED pending the outcome of Defendants' motion to dismiss. Plaintiff's motions for entry of default and default judgment are DENIED. Plaintiff's motion to update his address is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date: May 21, 2021              /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT